The Honorable H.G. Foster Prosecuting Attorney Twentieth Judicial District Post Office Box 1105 Conway, Arkansas 72033
Dear Mr. Foster:
I am writing in response to your request for an opinion on whether "the enclosed code section and the referenced actions taken by the Quorum Court based thereon are "constitutional," and therefore valid. Specifically, you have enclosed with your request copies of two 1978 ordinances of the Faulkner County Quorum Court. The first ordinance, dated July 18, 1978, is entitled "AN ORDINANCE TO AUTHORIZE AN ANALYSIS OF THE FEASIBILITY OF MAKING THE OFFICE OF FAULKNER COUNTY CORONER AN APPOINTIVE OFFICE, EFFECTIVE JANUARY 1, 1981; TO PROVIDE FOR THE FINAL DATE OF COMPLETION OF SUCH ANALYSIS; AND FOR OTHER PURPOSES." The second ordinance, dated September 5, 1978, is entitled AN ORDINANCE MAKING THE FAULKNER COUNTY CORONER AN APPOINTIVE OFFICE, EFFECTIVE JANUARY 1, 1981; AND FOR OTHER PURPOSES." You have also enclosed a tally of 1978 general election results in Faulkner County indicating that the voters approved the changed to an appointive county coroner.
RESPONSE
I can find nothing unconstitutional on the face of the documents you have submitted for my review. The question of whether the "actions taken by the Quorum Court" based upon these ordinances are or were constitutional may involve questions of fact not appearing in the documents you have submitted. I am not empowered as a fact-finder. In my opinion, however, the content of the documents reflect compliance with Amendment 55, § 2(b) and the applicable statutory subchapter, A.C.A. §§ 14-14-601 to -614 (Repl. 1998).
I addressed a similar question in Op. Att'y Gen. 2003-186 (copy enclosed), in which I referred to the applicable procedure to be followed in creating, consolidating, separating, revising or abandoning county elective offices. As noted in that opinion, the process involves a "comprehensive analysis" of the office in question and a favorable vote of the electors. It appears from a bare review of the documents you have submitted that these procedures were followed in Faulkner County.
Deputy Attorney General Elana C. Wills prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
MB:ECW/cyh
Enclosure